9336

CONESTEE CHEMICAL CO. v. JONES *ET AL.*

(88 S. E. 290.)

BILLS AND NOTES—ACTIONS—EVIDENCE.—Where plaintiff and defendant made a contract under which plaintiff was to ship fertilizer to defendant for sale, and defendant was to give his notes therefor and deliver to plaintiff his customer's notes and accounts, and defendant also executed notes and mortgages which on their faces were absolute promises to pay, plaintiff was entitled to judgment thereon in the absence of competent evidence that they were not absolute promises to pay, whether the contract was a sale, a bailment, or a contract for personal services, as a bailor may take security from the bailee for the return of his property or the payment of the value thereof, as may also a principal from his agent who guarantees payment for sales made.

Before SHIPP, J., Kingstree, October, 1915.    Affirmed.

Action by the Conestee Chemical Company against B. Wallace Jones and others. From a judgment for plaintiff, defendant named appeals.

The appellant thus states his case:

"This action was for the collection of three promissory notes and for the foreclosure of a mortgage of real estate situated in Williamsburg county. The summons and complaint were served upon the defendant, who filed an answer, which was subsequently amended, by leave of the Court, and upon the filing of the amended answer the plaintiff moved for judgment on the pleadings. The case was argued under this motion before his Honor, S. W. G. Shipp, presiding at the October term of the Court for Williamsburg county. Upon the argument his Honor ruled that the defense interposed by the defendant was not well founded. From this ruling the defendant appeals to this Court.

"The exceptions are intended to put the contract between plaintiff and defendant, which fixes the rights of the parties and determines their relations and obligations, before the

Court for construction. The answer printed in the 'case' puts the situation of the parties before the Court, reproduces the contract, and places the Court in full possession of all facts that were before his Honor, the Circuit Judge, as he had before him no more than the pleadings and the motion. The construction that the Court places upon the contract is decisive of the question: Is it a contract of sale of bailment, or for personal services? If the former, his Honor was correct; if either of the latter, he was in error. We regard and believe that his Honor treated the motion for judgment as equivalent to a demurrer to the answer, whereby its allegations are admitted to be true. For convenience we here reproduce the contract:

" 'Contract. Conestee Chemical Company. Wilmington, N. C. ` Mr. B. Wallace Jones, Lake City, S. C.: We agree to ship you the following named brands and quantities of fertilizers and such other quantities of fertilizers as may hereafter be mutually agreed upon between us, to be sold by you, as our agent, for our account, at such prices and upon such terms as to net us after deducting your commissions and expenses, the prices set opposite the brands respectively payable as stated below.

" 'Name of Brands.    Quantity.    Price.    Payable.

" 'Shipments to be made in not less than car lots and we to be at no expense after the delivery of the goods f. o. b. at Lake City, S. C. On May first next, or sooner if possible, you to give us your notes for the net price to us, payable as above. And also to deliver to us, or our order, the notes of all purchasers of the above goods from whom you may have taken notes, and a statement of all accounts from the sale of such goods as you may have sold on open account, and for which no notes shall have been taken by you. Said notes and accounts to be transferred by you to us and held by us as collateral security for the payment of your note or notes to us, as stated above. And all proceeds of said goods, which you are to collect without expense to us, must be first

applied to the payment of your note or notes to us, until fully paid, whether the same shall have matured or not. Any failure on your part to fulfil your obligations under the contract shall cause the debt hereunder to become immediately due and payable.

" 'This contract shall be subject to suspension by fire or unavoidable accident to our works, storage warehouses, or any cause unfavorable to your credit.

" 'Conestee Chemical Company, by J. G. McCormack, Secy. and Treas.

" 'Executed in duplicate.

" 'I understand and accept the terms and conditions of the agreement.    B. Wallace Jones.'

"His ruling that 'the defense is not well founded' is based upon a construction of the contract, and, therefore, the sole question presented by this appeal is: What relations and liabilities are created by the contract?"

*Mr. Philip H. Arrowsmith,* for appellant, cites: 78 S. C. 5; 76 S. C. 297; 16 S. E. 962; 61 S. E. 731; 45 Am. St. Rep. 846; 17 *Ib.* 309; 120 Fed. 64; 56 S. C. A. 470; 58 Law Ed. U. S. Sup. Ct. 345.

*Messrs. Willcox & Willcox,* for respondent, cite: Page on Contracts, 402, 403.

March 15, 1916.

The opinion of the Court, after reciting the foregoing statement of facts, was delivered by MR. JUSTICE FRASER.

It can make no difference whether the transaction was a sale, a bailment, or a contract for personal services. If it was a sale, the appellant is unquestionably responsible. If it was a bailment, there can be no question of the right of the bailor to take security from the bailee for the return of his property or the payment of the value thereof. If it was a contract for personal services, *i. e.,* that the defendant was

to act as the agent of the plaintiff in making the sale of his principal's goods, then we have been cited to no authority and we know of none that prevents a principal from taking security from his agent to sell that guarantees payment for sales made.    Here the appellant gave notes and mortgages that, so far as the case shows, were on their faces absolute promises to pay.    There must be competent evidence to show that they were not, or judgment must follow.    The case shows nothing to the contrary, and judgment follows as a matter of course.

The appellant claims that these notes and mortgages were mere security for faithful performance of duty as agent. There is nothing in the notes, mortgages, or "case" upon which to base this claim, and, therefore, it cannot be allowed.

The judgment appealed from is affirmed.